■ 112 MACDOUGAL STREET REALTY ASSOCIATION, INC., Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF HOUSING ADMINISTRATION, et al., Respondents. DANIEL KRYDER, Respondent, v 112 MACDOUGAL STREET REALTY ASSOCIATION, INC., Appellant. [664 NYS2d 305] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered August 19, 1996, which denied petitioner landlord's application, *inter alia*, to vacate a judgment awarding respondent tenant rent overcharges, unanimously affirmed, without costs.

The landlord's order to show cause to vacate the May 11, 1993 judgment awarding the tenant money, and entered upon Division of Housing and Community Renewal's (DHCR) April 29, 1993 certification that there was no Petition for Administrative Review (PAR) pending against the Rent Administrator's January 26, 1993 order awarding the tenant rent overcharges, was properly treated by the IAS Court as an article 78 proceeding to annul DHCR's February 1, 1994 determination dismissing the PAR that the landlord finally did file in or about September 1993 as untimely, because not filed within 35 days

of the Rent Administrator's January 26, 1993 order (9 NYCRR 2529.2), and was itself properly dismissed as untimely, because not filed within 60 days of DHCR's February 1, 1994 dismissal of the PAR (Administrative Code of City of NY § 26-516 [d]). As the landlord itself apparently recognized in the first proceeding it brought in July 1993, avowedly a CPLR article 78 proceeding, not a motion to vacate the judgment, wherein it asserted that it had never received the Rent Administrator's order or the judgment entered thereon until its bank account was attached, and that it sought "nothing more than an opportunity to file and proceed with a PAR", a DHCR rent overcharge determination cannot be judicially challenged until administrative remedies have been exhausted by way of a PAR (*id.*). DHCR's proof of mailing of its February 1, 1994 dismissal of the PAR rebuts the landlord's conclusory assertion that it never received that determination either (*see, Woodner Co. v Higgins*, 179 AD2d 444, *lv denied* 80 NY2d 756). Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.